IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:25-cr-00159-CNS-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN ELLIOTT SMITH,

    Defendant.

---

## AMENDED ORDER

---

This matter is before the Court on Defendant Austin Elliott Smith's Motion to Limit Scope of Sentencing Hearing. ECF No. 23. Defendant moves to exclude testimony from Bridget and Andy Young, parents of decedent Alex Young. Defendant was convicted of 21 U.S.C. §§ 841(a)(1), (B)(1)(C), Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine. Defendant contends that because he was not convicted of causing the death of Alex Young, Mr. Young should not be considered a victim and his parents should not be able to address the Court at sentencing. ECF No. 23 at 4. The Court DENIES his motion for the foregoing reasons.

Defendant argues that Alex Young does not qualify as a victim under the Crime Victims' Rights Act (CVRA), ECF No. 23 at 6, as Mr. Young was not "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A). However, the Crime Victims' Rights Act explicitly bars Defendant from raising a challenge under the CVRA. "A person accused of the crime may not obtain

1

any form of relief under this chapter." 18 U.S.C. § 3771(d)(1) (limiting those that can asserts rights under the CVRA to only the crime victim, a crime victim's representative, and the attorney for the Government). Therefore, Defendant's contention that Mr. Young, or his parents, do not qualify as victims under the CVRA will not be entertained.

The Court is afforded broad discretion as to what information it chooses to consider at sentencing. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). As long as the information being offered has some bearing on the statutory factors as set forth in 18 U.S.C. § 3553(a), the Court can consider it. *United States v. Cozad*, 21 F.4th 1259, 1263 (10th Cir. 2022). *See also United States v. Tucker*, 404 U.S. 443, 446 (1972) ("It is surely true, as the Government asserts, that a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."). Furthermore, the Court can consider any facts that go to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

While Defendant is correct that the Court "does not enjoy boundless discretion with respect to the facts it relies on at sentencing," *Cozad*, 21 F.4th at 1263,[1] the Court is

---

[1] The CVRA cannot serve as a basis to limit the Court's discretion. *See Cozad*, 21 F.4th at 1263. *See also United States v. Matthew*, 449 Fed. Appx. 542, 544 (8th Cir. 2011) (denying defendant from blocking testimony at sentencing hearing under the CVRA).

well within its discretion to hear from Mr. Young's parents. Ultimately, the question is whether the testimony of Alex Young's parents will assist the Court in imposing an appropriate sentence. The Court finds that their testimony will. They can testify to how Alex Young and Defendant were best friends and college roommates, how Mr. Young was found deceased with several drugs located near his body, including the pills apparently purchased from Defendant, and Defendant's conduct following the death of their son, including continuing to sell controlled sentences. *See* ECF Nos. 22 at 5; 26 at 2, 5. Their testimony provides relevant information as to the history and characteristics of Defendant as well as the nature and circumstances of this offense. This greater understanding is not only not unfairly prejudicial but goes to the heart of the Court's duties to gather necessary information to impose an appropriate sentence.

Accordingly, Defendant's Motion to Limit Scope of Sentencing Hearing, ECF No. 23, is DENIED.

DATED this 2nd day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge